1  Octavio Velarde, State Bar No. 328435
2  3111 Camino Del Rio N, Suite 400
   San Diego, CA 92108
3  Tel.:  (619) 330-6871
   Fax:   (619) 330-5847
4  E-mail: octavio@velardelawoffice.com
5  Attorney for Plaintiff Krystle Acayan

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11 KRYSTLE ACAYAN                    Case No.: **'22 CV 0650 L      MSB**

12                                   **COMPLAINT FOR MONETARY**
                        Plaintiff,   **RELIEF FOR EMPLOYMENT**
13                                   **DISCRIMINATION**
          v.
14                                   Equal Pay Act (29 U.S.C.S. §§ 206,
15 MUFG Union Bank d/b/a UnionBank; and   216);
   DOES 1–20,
16                                   Family Medical Leave Act of 1993 (29
17                                   U.S.C.S. § 2601 *et seq.*); and
                        Defendants.
18                                   State Supplemental Claims.

19                                   **JURY TRIAL DEMANDED**

20

21      / /

22      / /

23

24

25

26

27

28

Plaintiff, Krystle Acayan ("Plaintiff") brings this action on behalf of herself against Defendant MUFG Union Bank d/b/a UnionBank ("Defendant"), and DOES 1 through 20, inclusive. Plaintiff makes the following allegations upon information and belief (except those allegations as to the Plaintiff or her attorney, which are based on personal knowledge), based upon an investigation that is reasonable under the circumstances, which allegations are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

## I. <u>NATURE OF ACTION</u>

1.     This action is brought pursuant to the Equal Pay Act of 1963, 29 U.S.C. §§ 206 (d)(1), 216 (b) ("EPA"), to obtain relief for Plaintiff for discrimination in employment against her because of her sex. Plaintiff alleges that she has been denied equal pay on account of her sex, in violation of the EPA.

2.     Plaintiff also brings this action under the Family Medical Leave Act of 1993, 29 U.S.C.S. § 2601 *et seq.* ("FMLA"), to obtain relief for retaliation against her for taking certified medical leave under the FMLA.  Plaintiff alleges that Defendant retaliated against her for taking certified medical leave under the FMLA.

3.      In addition to her federal claims, Plaintiff brings supplemental state claims for violation of California's Fair Housing and Employment Act ("FEHA") Gov't Code §12900, et seq., ("FEHA").  Plaintiff alleges that Defendant discriminated against her based on her sex and medical condition in violation of FEHA.

4.     Plaintiff seeks monetary relief, including back pay, compensatory and punitive damages, attorney's fees and costs of suit.

## II. <u>JURISDICTION AND VENUE</u>

5.     This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts causes of action under the EPA, 29 U.S.C.S. §§ 206, 216, and the FMLA, 29 U.S.C. § 2601, *et seq.* This Court has supplemental jurisdiction over Plaintiff's claims arising under state substantive law, California's

1  FEHA, Gov't Code § 12900, *et seq*., because they arise from the same common

2  nucleus of operative facts as Plaintiff's federal claims. 28 U.S.C. 1367.

3       6.    The Southern District of California has personal jurisdiction over the

4  parties in this matter. Plaintiff is, and at all relevant times was, a citizen of San Diego,

5  California. Defendant is a private business corporate, registered to do business in

6  California with the Secretary of State of California.  During the relevant period, the

7  alleged unlawful acts occurred in or around the County of San Diego, State of

8  California.

9       7.    Venue is proper in this district under 28 U.S.C. § 1391 because Plaintiff

10  and Defendant are, and at all relevant times have been, subject to the personal

11  jurisdiction of this Court, and because a substantial part of the events or omissions

12  giving rise to Plaintiff's claims occurred in this district.

13  <center>**EXHAUSTION OF ADMINISTRATIVE REMEDIES**</center>

14       8.    On February 1, 2022, Plaintiff filed a charge of discrimination with the

15  California Department of Fair Employment and Housing ("DFEH"). That same day,

16  the DFEH closed Plaintiff's case and issued a Right-To-Sue Notice. Therefore,

17  Plaintiff has exhausted her administrative remedies. True and correct copies of the

18  charge of discrimination and Right-To-Sue Notice are attached hereto as **Exhibit 1**.

19  <center>**III. PARTIES**</center>

20       9.    Plaintiff is an adult person and resident of the County of San Diego,

21  State of California.

22       10.    Plaintiff was employed by defendant MUFG Union Bank d/b/a

23  UnionBank ("UnionBank") at 9865 Towne Centre Drive San Diego CA 92121, from

24  about October 2012 through about December 2015 as a contractor/temporary worker.

25  Plaintiff was employed from about January 2016 through about November 16, 2021

26  as a full-time employee.

27       11.    Plaintiff is a female with an ongoing chronic medical condition.

28       12.    Defendant UnionBank is a bank employing hundreds of employees of

both sexes.

13.     Plaintiff is informed and believes, and on that basis alleges, that Defendant UnionBank is a subsidiary of MUFG Americas Holding Corporation, which is registered with the Secretary of State of California to do business in the State of California.

14.     The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 20, inclusive are unknown to Plaintiff at the present time, who therefore sues said Defendants by such fictitious names, and will seek leave of the Court to amend this Complaint when the true names and capacities are ascertained. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated herein as a DOE is responsible in some manner and is liable to Plaintiff under one or more of the causes of action set forth in this Complaint.

15.     Plaintiff is informed and believes and thereon alleges that each of the defendants, whether specifically named or identified as a DOE defendant was, at all times relevant to this action, the agent, servant, employee, representing partner, or joint venture of the remaining defendants, and was acting within the course and scope of that relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts and omissions alleged herein to each of the remaining defendants.

## FACTUAL BACKGROUND

16.     On or about October 2012, Defendant hired Plaintiff as a Loan Review Specialist in its Loan Review Department. As a Loan Review Specialist, Plaintiff's duties included, but were not limited to, ensuring that loans complied with guidelines under the Home Mortgage Disclosure Act ("HMDA"), processing adverse action notices for countered and denied loans, and auditing non-funded loans according to HMDA guidelines, and other duties.

17.     In or about January 2016, Defendant converted Plaintiff to full-time

status.

18.     In or about 2017, Plaintiff was diagnosed with crippling depression and anxiety, an ongoing chronic medical condition.

19.     Soon thereafter, in or about 2017, Plaintiff applied for intermittent leave under the FMLA.  Plaintiff was certified to take intermittent FMLA leave twice a month for flare-up occurrences.  Each flare-up occurrence excused Plaintiff's absence for two days.  Plaintiff was also allowed an additional four hours for her doctor appointments and treatment plan, for a total of four days and four hours.

20.     Later that year, in or about June 2017, Plaintiff was promoted to the position of Real Estate Quality Control Auditor ("Auditor") in the Home Mortgage Disclosure Act Department.  As an Auditor, Plaintiff audited loans to ensure their compliance with the HMDA.  Plaintiff's job duties included reviewing data for accuracy, errors, and omissions, and working with businesses to remediate any documentation errors required for the audit.  Plaintiff's job duties also included training new auditors and provide guidance to other staff.

21.     In 2018, a new management team replaced the previous management team in the HDMA Department.  Plaintiff's immediate supervisor was now Antonette Mendoza ("Supervisor Mendoza").  Plaintiff's manager was now Kani Han ("Manager Han")

22.     In or about 2018 or 2019, Supervisor Mendoza created a rubric by which she assessed the performance of Plaintiff and her coworkers.  In her rubric, Supervisor Mendoza measured employees' performance based on number of loans reviewed and accuracy rate.

23.     Supervisor Mendoza's rubric was not based on the actual number of hours worked.  Instead, her rubric assumed that all employees in the department worked the same number of hours.  Supervisor Mendoza's rubric did not take into account Plaintiff's FMLA intermittent leave.

24.     Under Supervisor Mendoza's rubric, Plaintiff was penalized for taking

intermittent FMLA leave and placed on a ninety-day probation.  No other employee in the HDMA Department was placed on probation.  Plaintiff reported this to Human Resources. Human Resources simply stated that it would do more training with management.

25.     Because she was on probation, Plaintiff did not receive an annual pay increase and had her annual bonus reduced by half.

26.     After Supervisor Mendoza became Plaintiff's supervisor and Manager Han became Plaintiff's manager, Defendant subjected Plaintiff to a hostile work environment.  Under the direction of Kani Hani, Supervisor Mendoza relentlessly bullied and discriminated against Plaintiff because of her use of protected FMLA leave.

27.     Supervisor Mendoza and/or Manager Han targeted Plaintiff for disciplinary action.  For example, Supervisor Mendoza and Manager Han disciplined Plaintiff for taking breaks longer than fifteen minutes.  Other employees were not subjected to disciplinary action for the same actions.

28.     Supervisor Mendoza and/or Manager Han surveilled Plaintiff. Supervisor Mendoza and/or Manager Han told Plaintiff she was demoralizing employees in the department because she took intermittent leave when she was out on approved FMLA Leave.

29.     In or about the spring or summer of 2019, Plaintiff referred a male co-worker in the Loan Review Department for an open Auditor position in the HDMA Department.  Her male co-worker successfully transferred into the HDMA Department from the Loan Review Department.  Defendant gave Plaintiff's male co-worker the position of Auditor. Plaintiff had previously trained her male co-worker in HDMA regulations and bank regulatory compliance when they both worked in the Loan Review Department.

30.     Plaintiff and her male co-worker's performed job duties and expectations were the same.

31.     In or about May or June 2020, during her annual performance review, Plaintiff's supervisor told her that would not receive a wage increase because she had excessive absenteeism.

32.     Plaintiff is informed and believes, and on that basis alleges, that she did not receive wage increases for about two years because her supervisor and/or managers were upset at her for taking protected intermittent leave under the FMLA.

33.     Plaintiff is informed and believes that Defendant discriminated against Plaintiff on the basis of her medical condition and because she was exercising her right to take protected FMLA leave.

34.     In or about June 2021, during her annual performance review, Plaintiff learned that her male co-worker was paid more than she was.  During the review, Plaintiff's supervisor pulled up his compensation statement that showed his wages.

35.     After the annual performance review, Plaintiff's male co-coworker stated to Plaintiff that he was offered $56,000 annually when he started in 2019 in the HDMA Department.  Plaintiff was only offered about $50,000 when she started as an Auditor in 2019 in the HDMA Department.

36.     At all times relevant, Plaintiff worked full-time, about forty hours a week. Plaintiff made about $24.36 per hour at the time she ended her employment with Defendant.  Plaintiff is informed and believes, and on that basis alleges, that her male co-worker earned about $30 per hour at the time Plaintiff ended her employment.

37.     At all times relevant, Plaintiff was qualified for the position of with Defendant in that Plaintiff trained new employees and performed above average.

38.     On or about November 16, 2021, Plaintiff ended her employment.

## V. STATEMENT OF CLAIMS

## FIRST CAUSE OF ACTION

**Equal Pay Act**

**(29 U.S.C. §§ 206(d) and 216(b))**

39.     Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

40.     Plaintiff was employed by Defendant in the position of Real Estate Quality Control Auditor in Defendant's business establishment.

41.     Plaintiff is informed and believes, and on that basis alleges, that beginning on or about 2019, until the end of her employment on or about Noember 16, 2021, Defendant paid Plaintiff a lower wage rate than that paid to one or more of Defendant's employees of the male sex.  Plaintiff is informed and believes, and on that basis alleges, that at the end of her employment, the difference in wages paid to her and wages paid to members of the male sex was about $ 5.64 per hour.

42.     Plaintiff is informed and believes, and on that basis alleges, that Defendant employer has, without justification, relied upon the differential between the prior salary of plaintiffs and the prior salary of said male employees.

43.     Plaintiff and Defendant's other employee who is paid more than Plaintiff (1) worked in the same establishment; (2) performed equal work; (3) performed work that requires equal skill, effort, and responsibility; and (4) performed their jobs under similar working conditions.

44.     Plaintiff is informed and believes, and on that basis alleges, that Defendant has failed or refused to pay to Plaintiff the difference between the amount Plaintiff has earned in the position and the amount paid to the other employees of the male sex over the relevant time period. Pursuant to the Equal Pay Act, 29 U.S.C. §§ 206(d) and 216(b), Defendant owes plaintiff that sum as and for back pay, a sum equal to that amount as and for "liquidated damages," interest on the back pay amount, and attorney's fees and costs of suit.

45.     Defendant's violation of Plaintiff's rights under the Equal Pay Act was willful in that Plaintiff communicated to Defendant that she was being paid less than members of the male sex, and Defendant refused to do anything about it.

**SECOND CAUSE OF ACTION**

## Interference with the Right to Medical Leave
## in Violation of 29 U.S.C.S. § 2601 *et seq.*

46.    Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

47.    At all times relevant hereto, Defendant was an "employer" subject to the FMLA because Defendant was engaged in commerce, or in an industry affecting commerce, and employed 50 or more employees for each working day of the 20 workweeks just prior to Plaintiff taking FMLA leave. 29 U.S.C. §2611(4)(A)(i).

48.    At all times relevant hereto, Plaintiff was an "eligible employee" covered by the FMLA because Plaintiff was employed by Defendant for at least 1,250 hours during the 12-month period just prior to taking FMLA leave and worked at a worksite at which Defendant employed more than 50 employees. 29 U.S.C. §2611(2).

49.    As an eligible employee, Plaintiff was entitled to 12 workweeks of leave to care for a serious health condition which made her unable to perform the functions of his job. 29 U.S.C. §2612(a)(1)(D). The FMLA defines a "serious health condition" to include an "illness … or physical … condition … that involves … (B) continuing treatment by a health care provider." 29 U.S.C. §2611(11).

50.    At all relevant times, Plaintiff had a serious health condition for which she was seeking continued treatment by a health care provider. Based on information and belief, Defendant's assessment tool discriminated against Plaintiff because she exercised her rights under the FMLA.  As such, Defendant interfered with Plaintiff's FMLA rights.

51.    As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered substantial losses in earnings, earning capacity, and other benefits of employment, all in an amount to be determined according to proof at the time of trial, plus interest thereon.

52.    As a result of Defendant's willful misconduct, Plaintiff is also entitled to

liquidated damages equal to the sum of her substantial losses in earnings, earning capacity, and other benefits of employment, plus interest thereon, pursuant to 29 U.S.C. §2617(a)(1)(A)(iii).

53.     As a further proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, humiliation, embarrassment, emotional distress, and mental anguish, all in an amount to be determined according to proof at the time of trial.

54.     Finally, because of Defendant's wrongful conduct, Plaintiff is entitled to attorneys' fees, expert witness fees, and other costs of the action pursuant to 29 U.S.C. 9 §2617(a)(3).

## **THIRD CAUSE OF ACTION**

### **Retaliation for Taking Medical Leave**
### **in Violation of 29 U.S.C.S. § 2601 *et seq.***

55.     Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

56.     At all times relevant hereto, Defendant was an "employer" subject to the FMLA because Defendant was engaged in commerce, or in an industry affecting commerce, and employed 50 or more employees for each working day of the 20 workweeks just prior to Plaintiff taking FMLA leave. 29 U.S.C. §2611(4)(A)(i).

57.     At all times relevant hereto, Plaintiff was an "eligible employee" covered by the FMLA because Plaintiff was employed by Defendant for at least 1,250 hours during the 12-month period just prior to taking leave and worked at a worksite at which Defendant employed more than 50 employees. 29 U.S.C. §2611(2).

58.     As an eligible employee, Plaintiff was entitled to 12 workweeks of leave to care for a serious health condition which made him unable to perform the functions of his job. 29 U.S.C. §2612(a)(1)(D). The FMLA defines a "serious health condition" to include an "illness … or physical … condition that involves … (B) continuing treatment by a health care provider." 29 U.S.C. §2611(11).

59.     At all relevant times, Plaintiff had a serious health condition for which she was seeking continued treatment by a health care provider.

60.     From about 2017 through November 16, 2021, Plaintiff took protected leave under the FMLA.

61.     In or about 2018 or 2019, Defendant created an assessment tool that unfairly discriminated against Plaintiff's use of intermittent FMLA leave.  assess Plaintiff's employment. In doing so, Defendant retaliated against Plaintiff for exercising her rights under the FMLA.

62.     As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered substantial losses in earnings, earning capacity, and other benefits of employment, all in an amount to be determined according to proof at the time of trial, plus interest thereon.

63.     As a result of Defendant's willful misconduct, Plaintiff is also entitled to liquidated damages equal to the sum of his substantial losses in earnings, earning capacity, and other benefits of employment, plus interest thereon, pursuant to 29 U.S.C. §2617(a)(1)(A)(iii).

64.     As a further proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, humiliation, embarrassment, emotional distress, and mental anguish, all in an amount to be determined according to proof at the time of trial.

65.     Finally, because of Defendant's wrongful conduct, Plaintiff is entitled to attorneys' fees, expert witness fees, and other costs of the action pursuant to 29 U.S.C. 23      §2617(a)(3).

## **FOURTH CAUSE OF ACTION**

### **Discrimination based on Medical Condition in Violation of the FEHA**

66.     Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

67.     In or about 2019, Defendant discriminated against Plaintiff when it

1  created a rubric used to assess her job performance that unfairly discriminated against
2  Plaintiff because of her use of protected leave under the FMLA.  Defendant
3  discriminated against Plaintiff when it placed her on probation as a result of its
4  discriminatory rubric.

5      68.    Defendant further discriminated against Plaintiff when it refused to give
6  her wage increases and bonuses because of her use of protected FMLA leave.

7      69.    Defendant further discriminated against Plaintiff when it subjected her to
8  a hostile work environment under Supervisor Mendoza, in that Supervisor Mendoza
9  bullied Plaintiff and discriminated against her for her use of protected FMLA leave.

10     70.    The fact that plaintiff is a female with a medical condition was a
11  substantial factor in Defendant's decision to place Plaintiff on probation, refuse to
12  give wage increases or bonuses, and subject her to a hostile work environment.
13  Defendant discriminated against Plaintiff because of her medical condition.

14     71.    Even if Defendant's performance evaluation rubric was facially neutral,
15  it had a disparate impact on Plaintiff because of her use of protected FMLA leave.

16     72.    Defendant's discriminatory actions against Plaintiff, as alleged above,
17  constituted unlawful discrimination in employment on account of her medical
18  condition in violation of California Government Code Section 12940(a).

19     73.    As a proximate result of Defendant's discriminatory actions against
20  Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the
21  loss of the wages/salary, benefits, and additional amounts of money plaintiff would
22  have received if Defendant had not used it discriminatory performance evaluation
23  tool.  As a result of such discrimination and consequent harm, Plaintiff has suffered
24  such in an amount according to proof.

25     74.    As a further proximate result of Defendant's discriminatory actions
26  against plaintiff, as alleged above, Plaintiff has suffered humiliation, mental anguish,
27  and emotional and physical distress, and has been injured in mind (and body) as
28  follows: Plaintiff's anxiety and depression was exacerbated by Defendant's

1   discrimination.  As a result of such discrimination and consequent harm, Plaintiff has

2   suffered such damages in an amount according to proof.

3       75.    The above-recited actions of Defendant in subjecting Plaintiff to

4   discrimination on the basis of her medical condition was done with malice, fraud, or

5   oppression, and in reckless disregard of the Plaintiff's rights under the FEHA.

6   Specifically, Defendant knew of Plaintiff's medical condition and certification for

7   intermittent protected FMLA leave, and intentionally created a rubric that would

8   discriminate against her when evaluating her performance.

9       76.    On February 1, 2022, and within one year of the date of discrimination

10   herein alleged, Plaintiff filed a charge of discrimination with the California DFEH.

11       77.    On February 1, 2022, the DFEH issued to Plaintiff a notice of right to

12   bring a civil action based on the charge that is "Exhibit 1" to this Complaint.

13   / /

14   / /

15   / /

16

17

18

19

20

21

22

23

24

25

26

27

28

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.     For special, general, and compensatory damages, including wages owed to Plaintiff because of defendant's violation of the EPA, FMLA and FEHA, with interest thereon;

2.     For liquidated damages equal to the sum of wages owed to Plaintiff because of Defendant's violation of the EPA, FMLA, and FEHA, in an amount according to proof;

3.     For punitive damages under Cal. Civ. Code § 3294;

4.     For reasonable attorneys' fees pursuant to 29 U.S.C. § 216 (b)); 9 U.S.C. § 2617(a)(3); and California Government Code Section 12965(b).

5.     For costs of suit incurred herein; and

6.     For such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims.

DATED: May 9, 2022                      LAW OFFICE OF
OCTAVIO VELARDE

By: s/Octavio Velarde
OCTAVIO VELARDE
Attorney for Plaintiff
octavio@velardelawoffice.com

INDEX OF EXHIBITS

| Exhibit No. | Description | Page Nos. |
|---|---|---|
| 1 | True and correct copies of the charge of discrimination and Right-To-Sue Notice | 16–24 |

COMPLAINT FOR MONETARY RELIEF

# EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 1, 2022

Octavio Velarde
3111 Camino del Rio N Ste 400
San Diego, California 92108

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 202202-16011801
        Right to Sue: Acayan / MUFG AMERICAS HOLDINGS CORPORATION dba
        MUFG Union Bank, N.A.

Dear Octavio Velarde:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 1, 2022

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202202-16011801
      Right to Sue: Acayan / MUFG AMERICAS HOLDINGS CORPORATION dba
      MUFG Union Bank, N.A.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.


Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                              GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                              KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 1, 2022

Krystle Acayan
,

RE:   **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202202-16011801
        Right to Sue: Acayan / MUFG AMERICAS HOLDINGS CORPORATION dba
        MUFG Union Bank, N.A.

Dear Krystle Acayan:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 1, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                          GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Krystle Acayan                                            DFEH No. 202202-16011801

                                    Complainant,

vs.

MUFG AMERICAS HOLDINGS CORPORATION dba
MUFG Union Bank, N.A.
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

                                    Respondents

_____

**1.** Respondent **MUFG AMERICAS HOLDINGS CORPORATION dba MUFG Union Bank, N.A.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Krystle Acayan**, resides in the City of **,** State of **.**

**3**. Complainant alleges that on or about **November 16, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, disability (physical or mental), family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's sex/gender, disability (physical or mental), family care or medical leave (cfra) and as a result of the discrimination was forced to quit, reprimanded, denied equal pay.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used family care or medical leave (cfra) and as a result was forced to quit, reprimanded, denied any employment benefit or privilege, other.

-1-
*Complaint – DFEH No. 202202-16011801*

Date Filed: February 1, 2022

**Additional Complaint Details:**

-2-

*Complaint – DFEH No. 202202-16011801*

Date Filed: February 1, 2022

Form 0T_157EAC345513 (Revised 12/21)                                    DFEH-ENF 80 RS

1  VERIFICATION

2  I, **Octavio Velarde**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4  On February 1, 2022, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                     **San Diego, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                               -3-
                                    *Complaint – DFEH No. 202202-16011801*
27
   Date Filed: February 1, 2022
28

Form 0T_157EAC345513 (Revised 12/21)                              DFEH-ENF 80 RS

24